UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMEY DYKEMA,<br>   Plaintiff,<br><br>-v-<br><br>JO-ANN STORES, LLC,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:16-cv-380<br><br>HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER REMANDING CASE TO STATE CIRCUIT COURT**

In June 2013, Plaintiff Amey Dykema suffered "physical injury," among other alleged collateral damages, because "Defendant's employee dropped one of Defendant's items of merchandise on Plaintiff's head, neck, and shoulder." (ECF No. 1-3 at PageID.12.) Dykema filed a one-count negligence complaint in Muskegon County Circuit Court on March 14, 2016, demanding "judgment in her favor in excess of $25,000." (*Id.* at PageID.11–12.) Defendant Jo-Ann Stores, LLC, filed a notice of removal, asserting that it "ha[d] a good faith belief that the amount in controversy exceeds $75,000, exclusive of costs and interest, if all of Jo-Ann's defenses fail and if Plaintiff proves all of the damages alleged in her Complaint." (ECF No. 1 at PageID.2.)

The Court, after reviewing the Notice of Removal and the Complaint, remained "very skeptical" that the amount in controversy suffices to confer federal diversity jurisdiction. (*See* ECF No. 3 at PageID.17.) Thus, the Court ordered Defendants to show cause "why this case meets the federal diversity jurisdictional threshold." (*Id.*) After reviewing Defendant's response (ECF No. 9), the Court concludes that no evidence, let alone a preponderance of evidence, was submitted to establish that the amount in controversy of this dispute exceeds $75,000. Thus, the Court must remand this action.

1

**I.    LEGAL FRAMEWORK**

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue sua sponte. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). When a lawsuit is removed from state court, federal courts have an obligation to examine whether subject-matter jurisdiction exists. *E.g., Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014); *Williamson v. Aetna Life Ins.*, 481 F.3d 369, 375 (6th Cir. 2007) ("Jurisdiction is determined at the time of removal.").

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states.[1] A defendant may remove a civil action filed in state court to a federal district court when the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). The party removing the lawsuit bears the burden of establishing that the federal courts have subject-matter jurisdiction. *Nowicki-Hockey*, 593 F. App'x at 421. This burden includes establishing that the amount in controversy exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

To meet its burden, a defendant removing a lawsuit to federal court ordinarily "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A defendant's plausible allegation of the amount in controversy in the notice of removal will be sufficient "unless contested by the plaintiff *or questioned by the court*." *Id.* at 550 (emphasis

---

[1] Defendant states that "Plaintiff is a resident of the State of Michigan," and "Jo-Ann is a limited liability company, with its principal place of business in Hudson, Ohio." (ECF No. 1 at PageID.2.)

added). When the amount in controversy is questioned, the defendant must provide evidence to support its allegation that the lawsuit involves an amount in controversy meeting the jurisdictional threshold. *Id.* at 554. The defendant's burden is to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *see, e.g., Northrup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–70 (6th Cir. 2009).

## I. ANALYSIS

The Court's show-cause order clearly, in relevant part, stated:

> In the Notice of Removal, counsel stated in conclusory fashion that "Jo-Ann has a good faith belief that the amount in controversy exceeds $75,000, exclusive of costs and interest, if all of Jo-Ann's defenses fail and if Plaintiff proves all of the damages alleged in her Complaint." (ECF No. 1 at PageID.2.) With respect to these alleged facts, the Court finds Jo-Ann's "belief," without more, grossly insufficient to establish federal subject-matter jurisdiction.
>
> In the Court's experience, cases like this one, which encompass vaguely alleged "physical injury" resulting from an accident arising from a store visit, do not typically implicate damages in excess of $75,000. The Court, therefore, **ORDERS** Defendant to **SHOW CAUSE** why this case meets the federal diversity jurisdictional threshold. Defendant must establish, by a preponderance of evidence, that the amount in controversy exceeds $75,000.

(ECF No. 3 at PageID.17.) Thus, Defendant was on notice of the Court's concerns and the appropriate evidentiary burden.

In response to the show-cause order, Defendant submitted: a) a three-page brief; b) the original summons and complaint; and c) a "stipulation as to the diversity jurisdiction of the Court." (*See* ECF Nos. 8, 8-1–8-3.)

First, it is axiomatic that "unsupported assertions of counsel are not evidence." *Camaj v. Holder*, 625 F.3d 988, 991 n.3 (6th Cir. 2010); *see, e.g., Duha v. Agrium*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence."). Thus, all unsupported assertions relating to an alleged "pre-litigation claim" must be disregarded. (*See* ECF No. 8 at PageID.31–

3

32.) Defendant produced no affidavits, no pre-suit demand letters, no reports, no documents, and no videos to persuade the Court. The parties have not even identified the "item[] of merchandise" that an employee allegedly "dropped" on "Plaintiff's head." (*See* ECF No. 1-3 at PageID.12.)

It's perplexing that a party whose "burden is to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000," fails to produce any evidence at all. (ECF No. 3 at PageID.17); 28 U.S.C. § 1446(c)(2)(B); *see, e.g., Northrup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–70 (6th Cir. 2009).

Defendant did submit a post-removal stipulation signed by Plaintiff's counsel. (*See* ECF No. 8-3.) As an initial matter, "[o]f course, the parties cannot stipulate to jurisdiction where none exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Moreover, a post-removal stipulation cannot be relied upon as evidence to establish jurisdiction, which "is determined at the time of removal." *Williamson*, 481 F.3d at 375.

The Seventh Circuit has held that "because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

The Sixth Circuit has held the same in the context of a post-removal stipulation to an amount *below* $75,000. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). But the same principle logically applies to post-removal stipulations to an amount *above* $75,000. *See id.* at 873 ("Plaintiff's post-removal stipulation has no effect because jurisdiction is decided as of the time of removal."); *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)) ("[S]ubsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'").

4

Even if a post-removal stipulation could be considered, the Court would not give the attached stipulation any weight to satisfy subject-matter jurisdiction. (*See* ECF No. 8-3 at PageID.41–42.) In conclusory fashion, the stipulation asserts: "Plaintiff hereby stipulates that the amount in controversy in this action, including any damages for which Plaintiff seeks recovery against Jo-Ann, exceeds the sum or value of $75,000." (ECF No. 8-3 at PageID.42.)

Plaintiff's stipulation is equally as conclusory as Defendant's original assertion in its Notice of Removal, which the Court deemed "grossly insufficient." (ECF No. 3 at PageID.17.) ("In the Notice of Removal, counsel stated in conclusory fashion that 'Jo-Ann has a good faith belief that the amount in controversy exceeds $75,000, exclusive of costs and interest, if all of Jo-Ann's defenses fail and if Plaintiff proves all of the damages alleged in her Complaint.' (ECF No. 1 at PageID.2.) With respect to these alleged facts, the Court finds Jo-Ann's "belief," without more, grossly insufficient to establish federal subject-matter jurisdiction.")

In the absence of any evidence, the Court faces the same picture prior to issuance of the show-cause order. (*See* ECF Nos. 1-3, 3.) Accordingly, subject-matter jurisdiction does not exist.

## **ORDER**[2]

For the reasons contained in the accompanying opinion, the Court **REMANDS** this case to the Muskegon County Circuit Court. The Clerk of Court should make all appropriate arrangements.

**IT IS SO ORDERED.**

Date:  May 12, 2016         /s/ Paul L. Maloney
                            Paul L. Maloney
                            United States District Judge

---

[2] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

5